UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAI L. DEY, on behalf of THE
NARROW PATH EXPRESS
TRUST, beneficial owner and 1st
Lien Holder of Jairus Dunson,

    Plaintiff,

v.                                    Case No. 3:24-cv-987-MMH-SJH

JP MORGAN CHASE BANK & CO.,
et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Defendants Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Doc. 42; Motion), filed on October 2, 2024. In the Motion, Defendants request that the Court dismiss Plaintiff's Complaint for Penalties (Doc. 15; Complaint) because (1) a pro se plaintiff cannot represent a trust, (2) a trust cannot state a claim under the Fair Credit Reporting Act (FCRA) because a trust is not a customer, (3) Plaintiff has not properly alleged that the "Narrow Path Express Trust" (Trust) owns Jairus Dunson's FCRA claim, and (4) Credit Reporting Agencies (CRAs) can furnish consumer reports to third-parties for reasons beyond only a

consumer credit application. Motion at 2. Plaintiff filed a Response in Opposition to the Motion (Doc 72; Response) on November 6, 2024. Accordingly, this matter is ripe for review.

## I. Background

On August 26, 2024, Plaintiff Jai L. Dey, proceeding pro se, "acting on behalf of the Narrow Path Express Trust, the beneficial owner and 1st Lien Holder of Jairus Dunson," initiated this action under the FCRA in Duval County Circuit Court. See generally Complaint. In his Complaint, Dey names nine Defendants: Experian Information Solutions, Inc. (Experian), Equifax Inc. (Equifax), Trans Union LLC (Trans Union) (collectively, the CRA Defendants), JP Morgan Chase Bank & Co. (JP Morgan), BLST Operating Company LLC (BLST), Alegis Group LLC (Alegis), Capital One Financial Corporation (Capital One), Florida Credit Union, and CardWorks, Inc. (CardWorks)[1] (collectively, the Non-CRA Defendants). On September 24, 2024, Experian, with consent of all Defendants, timely removed the action to this Court. See generally Notice of Removal (Doc. 1).

Dey's Complaint is far from a model of clarity. Indeed, other than identifying the Defendants and the relief he seeks, the only arguable "factual" allegations Dey presents are that on or about July 23, 2024, Dey obtained three

---

[1] In its Consent to Removal, Defendant Merrick Bank notes that it was improperly named as "CardWorks, Inc." See Consent to Removal (Doc. 1-1) at 2.

- 2 -

consumer reports from the CRA Defendants, and that he "discovered numerous impermissible inquiries on various dates by [the Non-CRA Defendants], using their respective trade/business names." See Complaint at 3. Likewise, Dey alleges that the CRA Defendants furnished his consumer report to the Non-CRA Defendants, and that he never applied for any form of credit with the Non-CRA Defendants. Id. Notably, the credit report attached to the Complaint reflects that it was "prepared for Jairus Dunson." See Exhibit A to Complaint (Doc. 15-1; Credit Report). Explaining his role in this action, Dey states:

> Plaintiff(s), Jai Leonine Dey, acting on behalf of the Narrow Path Express Trust, the beneficial owner and 1st Lien Holder of JAIRUS DUNSON (see Exhibit C), is and has always been relevant to this action, a natural person. Plaintiff(s) qualify as a 'consumer' as defined within the Fair Credit Reporting Act § 1681a.

Complaint at 2. Although he does not cite to it, Dey attaches to the Complaint a Florida Uniform Commercial Code Financing Statement Form purportedly establishing that the Narrow Path Express Trust holds an interest in "all property, whether tangible or intangible" owned in the "republic of Florida" by Jairus Dunson. See Exhibit C to Complaint (Doc. 15-3; UCC Form) at 3.

## II. Legal Standard

In ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also

Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept

as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

While pro se complaints are to be held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant must still be required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).

### III. Discussion

The CRA Defendants first argue that the Complaint should be dismissed because Dey, proceeding pro se, cannot represent a trust. Motion at 5. In response, Dey states that he is a natural person with standing to present his claims under the FCRA. Response at 2. He further contends that he is "technically the consumer involved in this matter" and that "the entity JAIRUS LAMAR DUNSON is now property in which a Trust holds an equitable interest." Id.

Despite Dey's apparent efforts to distinguish himself from the Trust, in the Complaint, Dey unequivocally asserts that he brings this action "on behalf

of the Narrow Path Express Trust, the beneficial owner and 1st Lien Holder of JAIRUS DUNSON." Complaint at 2. Notably, "[a] trust, like a corporation, 'is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." J.J. Rissell, Allentown PA Trust v. Marchelos, 976 F.3d 1233, 1235 (11th Cir. 2020) (citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)). Additionally, "'[w]hile federal law provides individuals as parties the right to appear pro se before a court of law, see 28 U.S.C. § 1654, it is well settled that business entities cannot.'" Danny Lewis Boykins Express Trust v. Gunn, Case No. 8:22-cv-54-MSS-TGW, 2022 WL 3099069, at *1 (M.D. Fla. Jan. 12, 2022) (quoting Chase Bank USA, N.A. v. Jacucci, Case No. 19-cv-62318-SINGHAL, 2020 WL 10229080, at *1 (S.D. Fla. Jan. 17, 2020)).[2] Accordingly, the Complaint is due to be dismissed on the grounds that Dey, proceeding pro se, cannot represent the Trust in this action.[3]

Although the Motion is due to be granted on this basis, the Court finds that the Complaint should be dismissed without prejudice. The Eleventh Circuit instructs that, "[g]enerally, a district court must sua sponte provide a

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[3] Because the Complaint, filed by Dey on behalf of the Trust, is not properly before the Court, the Court declines to consider Defendants' alternative arguments that could implicate any rights the Trust might have.

pro se plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." Ross v. Apple, Inc., 741 F. App'x 733, 736 (11th Cir. 2018) (citing Silva v. Bieluch, 351 F.3d 1045, 1048-49 (11th Cir. 2003)).[4] As such, the Court will dismiss the Complaint but allow Dey an opportunity to file an amended complaint.

In allowing Dey to file an amended complaint, the Court reminds Dey, as explained above in Section II of this Order, that while his complaint is held to a less stringent pleading standard, see Wright, 795 F.2d at 967, he is still required to "conform to procedural rules." See Riley, 222 F. App'x at 898 (quoting Loren, 309 F.3d at 1304). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting

---

[4] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

Additionally, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleadings, see generally Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015), which are commonly described as:

> (1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
>
> (2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
> (4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

Williams v. Chronister, No. 8:23-cv-1759-TPB-AAS, 2023 WL 5432459, at *1 (M.D. Fla. Aug. 23, 2023) (citing Weiland, 792 F.3d at 1321–23)). Notably, "[m]ore important than fitting neatly into these four roughly defined categories is the reason these types of pleadings are so problematic: they all fail 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" Id. (quoting Weiland, 792 F.3d at 1323)

(footnote omitted). Thus, "[a] shotgun pleading is one where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' and the defendant therefore cannot be 'expected to frame a responsive pleading.'" Id. (quoting Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)). For these reasons, the Eleventh Circuit has unequivocally instructed that shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321 n.9 (collecting cases). This is so because "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. Accordingly, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised

that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). In permitting Dey to file an amended complaint, the Court cautions Dey to adhere to the procedural rules and to avoid running afoul of the Eleventh Circuit's prohibition on shotgun pleadings.

Additionally, the Court notes that the Non-CRA Defendants have also filed pending dispositive motions in this case. See Capital One, N.A.'s Amended Motion to Dismiss Complaint (Doc. 51); JP Morgan Chase Bank, N.A.'s Motion for Judgment of the Pleadings and Supporting Memorandum (Doc. 53); Florida Credit Union's Motion to Dismiss Complaint (Doc. 54); BLST Operating Company LLC's Motion to Dismiss Plaintiff's Complaint with Incorporated Memorandum of Law (Doc. 62); Defendant, Merrick Bank's, Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Doc. 64); Alegis Group, LLC's Motion for Judgment on the Pleadings with Incorporated Memorandum of Law (Doc. 77) (collectively, Remaining Pending Motions). And, Dey has filed a Motion for Judicial Notice (Doc. 71). Because the Court has determined that the Complaint is due to be dismissed without prejudice, the Court will deny the Remaining Pending Motions and Plaintiff's Motion for Judicial Notice as moot.

Finally, upon review of the docket the Court notes that several Defendants have improperly sought to join in a response, filed by another Defendant, to one of Dey's pending motions. See Experian Information Solutions, Inc.'s Joinder in Defendant Capital One, N.A.'s Response to Plaintiff's Request for Judicial Notice (Doc. 78; Experian Joinder Notice); Defendant Trans Union LLC's Joinder in Capital One, N.A.'s Response to Plaintiff's Request for Judicial Notice (Doc. 82; Trans Union Joinder Notice); Defendant, Merrick Bank's, Joinder in Defendant, Capital One, N.A.'s, Response to Plaintiff's Request for Judicial Notice (Doc. 83; Merrick Bank Joinder Notice) (collectively, Joinder Notices). These attempts to join Capital One's Response violate Local Rule 3.01(f), United States District Court, Middle District of Florida (Local Rule(s)) and place an undue burden on judicial resources. See Local Rule 3.01(f) ("A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief."). As such, the Joinder Notices are due to be stricken.

Accordingly, it is

**ORDERED**:

1. Defendants Experian Information Solutions, Inc, Equifax Information Services LLC, and Trans Union LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Doc. 42) is **GRANTED in part** and **DENIED in part**:

    a. The Motion is **GRANTED** to the extent the Complaint (Doc. 15) is **DISMISSED without prejudice** because Dey, proceeding pro se, cannot represent the Trust in this action; and

    b. The Motion is **DENIED without prejudice** in all other respects.

2. Dey, or the proper Plaintiff, shall have up to and including **January 31, 2025**, to file an amended complaint;

3. The Remaining Pending Motions (Docs. 51, 53, 54, 62, 64, and 77) are **DENIED as moot**;

4. Plaintiff's Motion for Judicial Notice (Doc. 71) is **DENIED as moot**; and

5. The Experian Joinder Notice (Doc. 78), the Trans Union Joinder Notice (Doc. 82), and the Merrick Bank Joinder Notice (Doc. 83) are **STRICKEN**.

**DONE AND ORDERED** in Jacksonville, Florida, this 13th day of January, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

Lc34

Copies to:
Pro Se Party
Counsel of Record