UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAI L. DEY, etc.,

      Plaintiff,

v.                              CASE NO. 3:24-cv-987-MMH-SJH

JP MORGAN CHASE BANK & CO.,
et al.,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Amend the Complaint ("Motion"). Doc. 103. Plaintiff is proceeding *pro se*. He filed his original Complaint, Doc. 15, in state court, and the action was removed to this Court, *see* Doc. 1. On January 13, 2025, the Court granted in part and denied in part a motion to dismiss directed to the original Complaint. Doc. 88. In its Order, the Court dismissed the Complaint without prejudice and provided that "Dey, or the proper Plaintiff, shall have up to and including January 31, 2025, to file an amended complaint[.]" *Id.* at 12.

Plaintiff filed an Amended Complaint, Doc. 89, on January 27, 2025. Defendants have since filed a variety of responses (some answers, some motions to dismiss, and a motion for judgment on the pleadings) to the Amended Complaint. Docs. 93, 94, 95, 96, 98, 99, 100, 101. In the instant Motion, Plaintiff seeks leave to file a second amended complaint, a copy of which is attached to the Motion, Doc. 103-

1, to cure certain deficiencies in the operative Amended Complaint and address certain issues raised by Defendants various responses, Doc. 103 at 2-3.

Plaintiff notes that he seeks leave of Court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("Rule(s)") because, although otherwise timely filed within the period to amend as a matter of course, he "is under the assumption that he has already used his right to the one amendment as a matter of course" under Rule 15(a)(1) "when he was granted leave to Amend" in the Court's prior Order. Doc. 103 at 2-3. Defendants Capital One, N.A. ("Capital One"), JPMorgan Chase Bank, N.A. ("Chase"), BLST Operating Company LLC ("BLST"), Experian Information Services, Inc. ("Experian"), Equifax Information Services LLC ("Equifax), and Trans Union LLC ("Trans Union"), each oppose the Motion, generally arguing that the proposed amendment would be futile. *See* Docs. 108, 109, 110, 111.[1] Capital One acknowledges, however, that "Plaintiff never took advantage of his one amendment as a matter of course[.]" *See* Doc. 108 at 6.[2] No other Defendant has responded to the Motion, and the deadline to do so has passed.

---

[1] Chase also appears to argue in passing that, independent of futility, amendment is untimely, but this argument is not developed. Doc. 109 at 2, 7.

[2] Chase does not appear to contend otherwise. Doc. 109 at 4, 7. Nor does BLST. *See generally* Doc. 110. Though Experian, Equifax, and Trans Union argue in passing that "Plaintiff acknowledges in the Motion that 'he has already used his right to the one amendment as a matter of course,'" Doc. 111 at 3, they rely exclusively on a partial quotation of Plaintiff's statement that he "is under the assumption that he has already used his right to the one amendment as a matter of course" under Rule 15(a)(1) "when he was granted leave to Amend" in the Court's prior Order, *see* Doc. 103 at 2.

It is not entirely clear whether Plaintiff has used his amendment as a matter of course under Rule 15(a)(1). To be sure, he has amended his pleading once, but that was pursuant to this Court's Order. Doc. 88. Though not directly on point, at least one court in this district has held a party may amend its pleading with leave under Rule 15(a)(2) without exhausting the right to later amend as a matter of course under Rule 15(a)(1). *See Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-41TBS, 2018 WL 11489597, at *4 (M.D. Fla. Sept. 28, 2018). And, as set forth above, Capital One appears to acknowledge (and no other Defendant cites any independent legal authority to dispute) that Plaintiff has yet to amend as a matter of course.

A *pro se* plaintiff does "not waive his right to amend as a matter of course merely because he filed a motion to amend instead of amending as a matter of course." *Toenniges v. Ga. Dep't of Corrs.*, 502 F. App'x 888, 889 (11th Cir. 2012);[3] *cf. Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).[4] And if a plaintiff has the right to amend as matter of course, then "the merits of his amendment, at [this] stage, [are] irrelevant" and the Court "lacks the discretion to reject the amended complaint based on its alleged futility." *See Toenniges*, 502 F. App'x at 890.

---

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

[4] By comparison, a counseled party who chooses to file a motion to amend with an amendment as a matter of course still in his pocket waives the amendment as a matter of course if the motion to amend is denied. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010).

2e8bb16360e128f8

As such, the Court will allow Plaintiff, who is proceeding *pro se*, to directly exercise his one amendment as a matter of course.[5] However, any further amendments to Plaintiff's pleading shall require written consent of the opposing parties or leave of Court in accordance with Rule 15(a)(2). Accordingly, the Motion is **granted** to the extent stated herein, and the Clerk of Court is **directed** to file as a separate document Plaintiff's second amended complaint (Doc. 103-1).

Consequently, the pending motions to dismiss and motion for judgment on the pleadings directed to the current pleading (Docs. 93, 95, 96, 100, 101) are each **denied without prejudice as moot**. *See Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Novo Nordisk, Inc. v. Live Well Drugstore, LLC*, No. 3:23-cv-808-TJC-PDB,

---

[5] Alternatively, but only to the extent Plaintiff's prior amendment is deemed to have exhausted any right to amend as a matter of course, the Court would grant the instant Motion to the extent of allowing the second amended pleading under Rule 15's liberal standard. *See Novo Nordisk, Inc. v. Live Well Drugstore, LLC*, No. 3:23-cv-808-TJC-PDB, 2024 WL 3345334, at *1 (M.D. Fla. July 9, 2024). Under Rule 15, a court must "freely give leave to amend unless there is an 'apparent or declared reason' to do otherwise"; such reasons can include "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Id.* (citation omitted); *see also My Energy Monster, Inc. v. Gawrych*, No. 8:20-cv-2548-MSS-AEP, 2021 WL 2964065, at *1 (M.D. Fla. Mar. 25, 2021). Capital One, Chase, BLST, Experian, Equifax, and Trans Union each argue that the proposed amendment is futile, but at least in the present posture of this case—where Plaintiff has only once amended his pleading, this action is in a relatively early stage, and discovery is currently stayed, Doc. 102—the Court need not reach such issues on futility at this time. *See Novo Nordisk*, 2024 WL 3345334, at *1 ("This order makes no ruling on futility—a matter better addressed with adversarial briefing on a motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment."); *see also Fruits-Giddings S.A. de C.V. v. Always Fresh Farms, LLC*, No. 8:20-cv-2875-MSS-TGW, 2021 WL 12299456, at *2 (M.D. Fla. Nov. 29, 2021); *Gawrych*, 2021 WL 2964065, at *2; *Real Est. Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, No. 6:10-cv-1045-Orl-GJK, 2012 WL 12903886, at *2 (M.D. Fla. Feb. 16, 2012).

2024 WL 3345334, at *1-2 (M.D. Fla. July 9, 2024) (denying as moot motion to dismiss where plaintiff was granted leave to file amended pleading); *Mills v. Sodexo, Inc.*, No. 8:12-cv-1319-T-33AEP, 2013 WL 790654, at *1 (M.D. Fla. Mar. 4, 2013). Any motion to dismiss, motion for judgment on the pleadings, or other appropriate motion, may be filed in accordance with applicable law and the Rules, directed to the operative second amended complaint.

**DONE AND ORDERED** in Jacksonville, Florida, on April 2, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record
*Pro se* Plaintiff